IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA A. GRAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 22-351 |

O R D E R

AND NOW, this 31st day of March, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's arguments as to why she believes the Administrative Law Judge ("ALJ") erred in finding her to be not disabled are all somewhat intertwined but can be broken down generally

1

into three categories.  Fist, Plaintiff argues that the ALJ did not properly consider the opinion of her treating neurosurgeon, Michael J. Rutigliano, M.D.  Next, she asserts that the ALJ erred in formulating her residual functional capacity ("RFC"), giving several reasons in support of her position.  Third, she contends that the ALJ incorrectly applied the new version of the listings at Step Three of the Social Security Administration ("SSA")'s sequential analysis even though that version had taken effect after her administrative hearing.  The Court finds no merit in any of Plaintiff's various contentions and instead finds that the ALJ's decision is supported by substantial evidence.

As noted, Plaintiff's first argument is that the ALJ failed to properly evaluate the opinion evidence from Dr. Rutigliano, her treating neurosurgeon, in denying her claim for disability.  She, in fact, alleges that the ALJ failed to consider two of Dr. Rutigliano's opinions at all under 20 C.F.R. § 404.1520c.  The Court disagrees with this argument for several reasons.

First, the two records from Dr. Rutigliano that Plaintiff alleges should have been evaluated as medical opinions are not actually opinions pursuant to the SSA's regulations.  Specifically, Plaintiff argues that the ALJ disregarded Dr. Rutigliano's July 2, 2019 medical assessment of epidural fibrosis based on a previous MRI (R. 1262) and his December 28, 2018 statement indicating that Plaintiff should remain off work until she is evaluated by pain management on January 10, 2019. (R. 2404).  However, medical opinion evidence consists of a statement or statements "from a medical source about what [a claimant] can still do despite [her] impairment(s) and whether [she] ha[s] one or more impairment-related limitations or restrictions in the abilities listed in paragraphs (a)(2)(i)(A) through (D)."  20 C.F.R. § 404.1513(a)(2).  Evidence from a medical source that is neither an opinion nor objective medical evidence (*e.g.*, "medical signs" or "laboratory findings") is categorized as "Other medical evidence."  *Id.* § 404.1513(a)(3).  This category of evidence "includ[es] judgments about the nature and severity of [the claimant's] impairments, [her] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."  *Id.*  The records to which Plaintiff points offer no opinion as to what she can still do despite her impairments or whether she meets or equals a listing.  Moreover, in regard to Dr. Rutigliano's statement that Plaintiff should stay off work for about a month, it is well established that such statements are not binding on the ALJ, as opinions as to whether a claimant is disabled or unable to work is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1520b(c)(3)(i).

The ALJ did treat Dr. Rutigliano's July 2018 statement that Plaintiff could not lift, twist, reach overhead, or push  (R. 594-97) as a medical opinion, but found it not to be persuasive.  Plaintiff, in stating that "[t]he opinion of the treating physician is entitled to more weight than that of a one-time consultative examiner, a medical advisor or other non-examining physician" (Doc. No. 13. P. 14), seems to invoke the "treating physician rule" in arguing that this was error and that her treating physician's opinion was entitled to more weight.  However, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated this rule.  *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases).  *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of

medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* § 404.1520c(b) and (c).

The ALJ did, in fact, evaluate Dr. Rutigliano's opinion under the proper criteria set forth in Section 404.1520c(b). She found the opinion to be inconsistent with the record and without substantial support, citing to record evidence in support of her findings. She also correctly noted that the limitations mentioned by the doctor were for a very limited duration, specifically between June 22 and September 14, 2018. (R. 19, 596). This analysis was consistent with the regulations and supported by substantial evidence.

In addition to improperly evaluating Dr. Rutigliano's opinions, Plaintiff suggests several other ways the ALJ erred in determining her RFC. For instance, Plaintiff contends that the ALJ failed to consider the combined and cumulative effect of all her impairments. (Doc. No. 13, pp. 11-12). However, a reading of the ALJ's decision shows, to the contrary, that she did evaluate the combined and cumulative effects of Plaintiff's impairments and, indeed, that she expressly noted that she was doing so. (R. 14, 18). Moreover, Plaintiff at no point suggests or identifies what additional restrictions should have been included in the RFC to account for the combined and cumulative impact of her impairments.

Plaintiff further asserts that the ALJ did not discuss her chronic pain syndrome (Doc. No. 13, p. 20) and that she disregarded and ignored her physical therapy records, particularly a January 8, 2019 discharge summary from Robert Carr, P.T., of Phoenix Rehabilitation and Health Services (R. 2174-79) and a statement by Kimberly Metzger, P.T., that Plaintiff was unable to return to work full duty as an associate at that time. (R. 1165). The ALJ, though, expressly discussed Plaintiff's chronic pain syndrome at each of Steps Two and Three, and in determining the RFC for Steps Four and Five. (R. 13, 15, 17). Likewise, the ALJ cited Plaintiff's physical therapy records throughout her decision and specifically considered Ms. Metzger's opinion as to Plaintiff's functional capacity. (R. 18-19).

Plaintiff also argues that the ALJ did not properly evaluate her symptoms and/or the intensity, persistence, and limiting effects of those symptoms. To that end, she asserts that the ALJ both improperly overly focused on the need for objective medical evidence and also failed to discuss all of the objective evidence, such as her December 2019 MRI results, in evaluating her claims about her symptoms. She emphasizes that the ALJ cannot disregard symptoms solely on the basis of a lack of objective evidence. An ALJ, of course, can, and in fact must, consider objective medical evidence when considering a claimant's symptoms. *See* 20 C.F.R. § 404.1529(c)(2); SSR 16-3p, 2016 WL 1119029, at **4-5 (S.S.A. Mar. 16, 2016). However, it is also true that an ALJ "need not mention every piece of evidence in the record." *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009). Here, the ALJ comprehensively discussed the objective medical evidence, including the medical imaging evidence, and her review was quite even-handed, consistently acknowledging both positive and negative findings. Moreover, the ALJ did not rely solely on the objective medical evidence in considering Plaintiff's testimony about her symptoms, but rather, as further discussed below, relied on a variety of relevant factors.

One of these factors considered by the ALJ was Plaintiff's activities of daily living. Interestingly, Plaintiff takes issue with this consideration as well, arguing that the ALJ improperly relied on her ability to shop in stores, take her son to baseball, drive short distances, prepare simple meals, help care for her pets, take care of personal needs and grooming, complete some household chores such as cleaning and laundry and riding a mower to cut grass, take walks, and attend a race, in evaluating her testimony regarding her symptoms. However, it is well established that although a claimant's activities of daily living may not alone support a finding of non-disability, there is nothing inappropriate in the ALJ considering those activities in evaluating the severity of the claimant's symptoms and limitations. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011).

Again, the Court emphasizes that the ALJ did not rely on any one thing in evaluating Plaintiff's symptoms or in crafting the RFC. Rather, she considered the objective medical evidence, Plaintiff's treatment history, her activities of daily living, and numerous medical opinions. Indeed, the Court notes that the ALJ found the opinions of the state agency reviewers – Robert Warner, M.D. (R. 74-77), Paul Fox, M.D. (R. 90-93), and Leah Holly, D.O. (R. 1310-11) – to be very persuasive. (R.18). She also found at least somewhat persuasive the opinions of treating medical professionals Kimberly Metzger, P.T. (R. 1163-70), George Gavin, M.D. (R. 1713-14, 444, 499, 1055), Scott Berry, M.D. (R. 449-50), and Anthony Watson, M.D. (R. 2167-70). These opinions generally supported the RFC findings, and the ALJ explained how she considered and balanced the opinions in reaching her findings. (R. 19-21). Although Plaintiff asserts that these opinions do not support a limitation to light work, as they generally found that Plaintiff could only sit/stand for 4 hours, rather than the 6 hours required for light work (Doc. No. 13, p. 23), the Court emphasizes that the ALJ specifically incorporated these findings regarding Plaintiff's ability to stand and walk in finding her capable of performing only a *limited* range of light work. In sum, the ALJ's analysis was thorough and comprehensive and complied with 20 C.F.R. § 404.1520c.

Plaintiff's final argument is that the ALJ applied the wrong version of the listings at Step Three of the sequential analysis. As Plaintiff correctly points out, the listings for musculoskeletal disorders were extensively revised effective April 2, 2021, after Plaintiff's application for benefits had been filed and after the August 10, 2020 hearing, but before the ALJ issued her decision on April 13, 2021. *See* Revised Medical Criteria for Evaluating Musculoskeletal Disorders, 85 Fed. Reg. 78164 (Dec. 3, 2020); *Withers v. Kijakazi*, No. 3:22-CV-00176, 2023 WL 2192953, at *1 (M.D. Pa. Jan. 27, 2023), *report and recommendation adopted*, 2023 WL 2188710 (M.D. Pa. Feb. 23, 2023). In her April 13 decision, the ALJ applied the revised listings, specifically Listings 1.15, 1.16, and 1.18, 20 C.F.R. Part 404, Subpart P, Appendix 1, rather than old Listing 1.04 for disorders of the spine. Plaintiff asserts that this was in error, and that the ALJ should have held another hearing after the listings had been amended to address the situation.

The question of which version of the listings the ALJ was supposed to apply is actually a rather tricky one. According to the SSA, once effective on April 2, 2021, the new listings were to be applied both to new applications filed on or after the effective date of the rules, and to

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:         Counsel of record

---

claims that were pending on or after the effective date.  *See* 85 Fed. Reg. 78164, 78164 & n.2. However, some courts have pointed out that applying the new listings for musculoskeletal disorders to claims filed prior to the enactment of the new rules may raise retroactivity concerns and that the SSA's ability to implement retroactive regulations remains an unsettled question. *See Torres v. Kijakazi*, No. CV 22-2283, 2022 WL 17091877, at *3 (E.D. Pa. Nov. 21, 2022); *Evans v. Kijakazi*, No. 1:20-CV-453-JPK, 2022 WL 3700020, at *7 (N.D. Ind. Aug. 26, 2022). Like those courts, though, this Court need not resolve this thorny issue because Plaintiff has not alleged, much less demonstrated, that his conditions would have satisfied the criteria for old Listing 1.04.

It is important to remember that to meet a listing, a claimant must "present medical findings equal in severity to ***all*** the criteria of a listed impairment." *Degenaro-Huber v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 73, 75 (3d Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in the original)).  Plaintiff has not attempted to explain how all the criteria of Listing 1.04 would be met in this case, but it is clear that, in any event, the record does not show motor loss accompanied with sensory or reflex loss that would have satisfied Section A of 1.04, spinal arachnoiditis that would have satisfied Section B, or an inability to ambulate sufficient to satisfy Section C.  Therefore, even if the ALJ should have applied Listing 1.04 instead of/in addition to Listings 1.15, 1.16. and 1.18, remand would not be required because any such error would not have affected the outcome of the case. *See Torres*, 2022 WL 17091877, at *4 (citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)).

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings.  The Court will therefore affirm.